**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ,<br><br>                              Plaintiffs,<br><br>               -against-<br><br>CITY OF NEW YORK, ALESANDRO FLORENTINO, Individually, AMAN RANA, Individually, JANE DOE 1 through 2, Individually, and JOHN DOE 1 through 3, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                           Defendants. | **COMPLAINT**<br><br>16-CV-3748<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ, by their attorney, The Trainor Law Firm, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, which are secured by these statutes and the United States Constitution.

## JURISDICTION

2.      Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      This Court has jurisdiction to hear all claims in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury on all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

6.      Plaintiff STELLA WILLIAMS is a nineteen (19) year-old transgendered female of Hispanic origins and a United States Citizen who resides in New York, New York.  Stella Williams was known as Rafael Williams on June 24, 2015.

7.      Plaintiff JESSICA WILLIAMS is a twenty-two (22) year-old lesbian female of Hispanic origins and a United States Citizen who resides in New York, New York.

8.      Plaintiff DESTINY GONZALEZ is a twenty-one (21) year-old female of Hispanic origins and a United States Citizen who resides in New York, New York.

9.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.     Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the CITY OF NEW YORK.

11.     At all times hereinafter mentioned, the individually named defendant ALESANDRO FLORENTINO, Shield No. 1758, was a duly sworn police officers of the NYPD

2

and Sergeant, and was acting under the supervision of the NYPD, according to his official duties, and supervising the other individually named defendants.

12.     At all times hereinafter mentioned, the individually named defendant AMAN RANA, Shield No. 14952, was a duly sworn police officer of the NYPD, and was acting under the supervision of the NYPD and according to his official duties.

13.     At all times hereinafter mentioned, the individually named defendants JANE DOE 1 through 2 and JOHN DOE 1 through 3, Shield Nos. unknown, were duly sworn police officers of the NYPD, and were acting under the supervision of the NYPD and according to their official duties.

14.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the CITY OF NEW YORK.

15.     Each and all of the defendants' acts alleged herein were done by these defendants while acting within the scope of their employment with Defendant CITY OF NEW YORK.

## FACTS

16.     On June 24, 2015, between 11:00 p.m. and 11:30 p.m., Plaintiffs STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ were lawfully present in the vicinity of 2235 1st Avenue, New York, New York, when Defendants Alesandro Florentino, Aman Rana, Jane Doe 1 through 2, and John Doe 1 through 3, without any lawful justification whatsoever, unlawfully arrested, searched, and imprisoned them.

17.     Before, during, and after the defendants arrested them, Plaintiffs committed no crime or offense.  Likewise, at all times relevant to these events, Plaintiffs were not behaving in a

3

manner that would suggest to any reasonable police officer that they had done anything unlawful.

18.     Plaintiff STELLA WILLIAMS ("Stella") is a nineteen-year-old Hispanic transgendered female and United States citizen. Stella was born male as "Rafael Antonio Williams," but identifies as female and now goes by "Stella Ashlee Williams."[1]

19.     Plaintiff JESSICA WILLIAMS ("Jessica") is a twenty-two-year-old gay Hispanic female, United States citizen, and the sister of Stella.

20.     Plaintiff DESTINY GONZALEZ ("Destiny") is a twenty-one-year-old Hispanic female, United States citizen, and friend of Stella and Jessica.

21.     On June 24, 2015, Destiny, Jessica, and Jessica's then-girlfriend Star Prado ("Ms. Prado") were walking to Jessica's apartment after they ate halal food.

22.     As they were walking to Jessica's apartment, Jennifer Rivera ("Ms. Rivera"), who is Jessica's and Stella's sister, began arguing with Mr. Prado and a fight ensued.

23.     Jessica attempted to break up the fight between Ms. Prado and Ms. Rivera but to no avail.  Almost immediately thereafter, NYPD officers arrived on the scene.

24.     Upon arriving at the scene, NYPD officers intervened to break up the fight between Ms. Prado and Ms. Rivera; and, in so doing, pushed Jessica on the chest, sending her backward, and ordered her to stay back.  Jessica fully complied with this order.

25.     As the NYPD officers took Ms. Rivera and Ms. Prado into custody, Jessica and Destiny stayed approximately twenty (20) feet back from these officers.

---

[1]     On November 20, 2015, Rafael Antonio Williams legally changed her name to Stella Ashlee Williams, by Order of the Civil Court of the City of New York, County of New York. We refer to her as "Stella Williams" throughout the Complaint because this is now her legal name, but on June 24, 2015, she was known as "Rafael Williams" and was arrested and prosecuted in the underlying criminal case as "Rafael Williams."

26.     These officers placed Ms. Rivera and Ms. Prado in separate NYPD vehicles for imprisonment.

27.     Thereafter, without any provocation or lawful justification, Defendant Rana and Defendant John Doe 1 grabbed Jessica, pushed her against a metal gate, and grabbed her arms and rear-handcuffed her.

28.     Likewise, at the same time, without any provocation or lawful justification, Defendant Florentino grabbed Destiny, pushed her against a metal gate, and grabbed her arms and rear-handcuffed her.

29.     As the aforementioned events were transpiring, Stella was home with her mother, Janet Rivera, when she (Janet Rivera) learned that her daughter, Ms. Rivera, and Ms. Prado were fighting.  Stella's mother told her to go downstairs and collect Ms. Rivera's son, Storm Rivera, who was approximately two-years old at the time, and who is also Stella's nephew.

30.     Stella then went downstairs, exited her building, and observed NYPD officers in the vicinity and that her sister, Ms. Rivera, was in handcuffs.

31.     As Stella walked to get her nephew, Defendant Florentino yelled to Defendants Jane Doe 1 and Jane Doe 2, "ARREST THE FAGGOT!," in reference to Stella.

32.     As a result, Defendants Jane Doe 1 and Jane Doe 2, without any provocation or lawful justification, and acting upon Defendant Florentino's order to "ARREST THE FAGGOT!," grabbed Stella, pushed her against a metal gate, patted her down, and grabbed her arms and rear-handcuffed her.

33.     Thereafter, Defendant Florentino illegally searched Stella again.  Defendant Jane Doe 1 then placed Stella inside of an NYPD vehicle for imprisonment.

5

34.     As Jessica, who was already handcuffed, verbally protested the arrests of herself, Stella, and Destiny by stating that they did nothing wrong, Defendant Florentino gave her a backhand slap across the face and said, "SHUT UP!"

35.     Despite lacking probable cause, reasonable suspicion, and having no legal justification whatsoever, the defendants then transported Stella, Jessica, and Destiny to the NYPD's Housing Bureau 5 precinct ("PSA 5") for imprisonment.

36.     When Plaintiffs arrived at PSA 5 in handcuffs, the defendants escorted them into the precinct, and Defendant Florentino, who was already present in the precinct, said to Stella and Jessica, "LOOK WHO IT IS – THE FAGGOT AND THE DYKE."

37.     The defendants then placed Stella, Jessica, and Destiny in holding cells for imprisonment.

38.     Despite falsely arresting Plaintiffs, Defendant Rana went to the holding cells and informed them that he would try to get them Desk Appearance Tickets (commonly known as "DATs") rather than putting them through the Central Booking process.

39.     Thereafter, however, Defendant Rana returned to the holding cells and informed Plaintiffs, in substance, that Defendant Florentino had not left the precinct; and, therefore, he was going to put them all "through the system to get this over with."

40.     About twenty to thirty minutes later, Defendant Florentino confronted Plaintiffs at the holding cells and stated, in substance, "I'M GOING HOME.  IF YOU GUYS GET A LAWSUIT, I GET FIFTEEN PERCENT."

41.     Thereafter, the defendants then transported Stella Williams from PSA 5 to the Manhattan Detention Complex for imprisonment and arraignment on the baseless charges filed under docket number 2015NY040274.  These charges were filed based upon the false allegations

6

of Defendants Rana and Florentino.

42.     Likewise, the defendants then transported Jessica Williams from PSA 5 to the Manhattan Detention Complex for imprisonment and arraignment on the baseless charges filed under docket number 2015NY040275.  These charges were filed based upon the false allegations of Defendants Rana and Florentino.

43.     Likewise, the defendants then transported Destiny Gonzalez from PSA 5 to the Manhattan Detention Complex for imprisonment and arraignment on the baseless charges filed under docket number 2015NY040273.  These charges were filed based upon the false allegations of Defendants Rana and Florentino.

44.     Defendants Rana and Florentino knowingly manufactured the underlying false allegations and forwarded this information to the District Attorney's Office knowing that it would be used against Plaintiffs at trial.  Defendant Rana falsely claimed, among other false allegations, that he observed Jessica Williams attempt to push him while he arrested Jennifer Rivera and that all of Plaintiffs attempted to pull Ms. Rivera from Defendant Rana's grasp. Defendant Rana also falsely claimed that Defendant Florentino observed all of Plaintiffs flail their arms, push him, and strike him while resisting arrest.

45.     On June 25, 2015, Plaintiffs were arraigned on the false charges of obstructing governmental administration, resisting arrest, and disorderly conduct.  Upon arraignment, the presiding Criminal Court judge released Plaintiffs on their own recognizance.

46.     Prior to their release at arraignment, Plaintiffs each spent approximately twenty-one (21) hours falsely imprisoned.

47.     The defendants arrested and initiated criminal proceedings against Plaintiffs despite their knowledge that they lacked probable cause, reasonable suspicion, or any

7

justification whatsoever to do so.

48.     The defendants initiated this prosecution for the purpose of covering up their unlawful arrest of Plaintiffs.

49.     This false arrest and denial of fair trial rights compelled Stella Williams, Jessica Williams, and Destiny Gonzalez to return to the New York County Criminal Court to face these false charges on two (2) separate occasions when, on October 6, 2015, upon the application of the District Attorney's Office, the presiding Criminal Court judge adjourned the case in contemplation of dismissal pursuant to New York Criminal Procedure Law § 170.55.

50.     All of the events leading up to and culminating in Plaintiffs being subjected to false arrest and denial of fair trial rights occurred while other NYPD officers, including, but not limited to, the individually named defendants, either participated in or failed to intervene in the illegal conduct described herein despite having every opportunity to do so.

51.     All of these events occurred as a direct result of the unconstitutional policies, customs, or practices of Defendant CITY OF NEW YORK, including, but not limited to, the inadequate screening, hiring, retaining, training, promoting, compensating, disciplining, and supervising of its employees.

52.     The underlying false arrest and denial of the right to fair trial is not an isolated incident.  Defendant CITY OF NEW YORK is aware, from lawsuits, notices of claims, press accounts, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board, that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding the legal basis required for stops and searches, what constitutes probable cause for an arrest, and that they repeatedly arrest innocent individuals on sham charges of resisting arrest, obstructing governmental administration, and

disorderly conduct and engage in falsification to that end.

53. Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in deprivations of civil rights. Despite such notice, Defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the defendants to violate Plaintiffs' civil rights.

54. Moreover, upon information and belief, Defendant CITY OF NEW YORK was aware that, prior to this incident, the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Defendant CITY of NEW YORK has retained these officers and failed to adequately train, supervise, and discipline them.

55. As a result of the foregoing, Plaintiffs STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ have sustained, among other damages, mental injuries, emotional distress, pain, embarrassment, and deprivation of their constitutional rights and liberty.

## CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

56. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "55" with the same force and effect as if fully set forth herein.

57. All of the aforementioned acts of the defendants, their agents, servants, and employees were carried out under the color of state law.

58. All of the aforementioned acts deprived Plaintiffs STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ of the rights, privileges, and immunities

guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and were in violation of 42 U.S.C. § 1983.

59.     The individual defendants carried out these illegal acts in their capacity as police officers, with the entire actual and/or apparent authority attendant to their office.

60.     The individual defendants carried out these illegal acts in their capacity as police officers, pursuant to the customs, usages, practices, procedures, and the rules of Defendant CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of the NYPD.

61.     The defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

62.     As a result, Plaintiffs STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

63.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     The defendants arrested Plaintiffs STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ without probable cause or legal privilege, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

65.     The defendants caused Plaintiffs to be falsely arrested and unlawfully imprisoned, resulting in Plaintiffs being put in fear for their safety, humiliated, embarrassed, and deprived of

their liberty.

66.    As a result, Plaintiffs STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Denial of the Right to Fair Trial under 42 U.S.C. § 1983)

67.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.    The defendants falsified the information against STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ likely to influence a jury's decision and forwarded this false information to the District Attorney's Office for use in the underlying prosecution of Plaintiffs.

69.    The defendants caused Plaintiffs to be prosecuted upon the false information that they submitted to the District Attorney's Office until the underlying prosecution was adjourned in contemplation of dismissal on October 6, 2015.

70.    As a result, Plaintiffs STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

71.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

11

72.     The defendants had an affirmative duty to intervene on behalf of Plaintiffs STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ, whose constitutional rights were being violated in their presence by other officers, including the individual defendants.

73.     The defendants failed to intervene to prevent the unlawful conduct described herein despite having every opportunity to do so.

74.     As a result of the defendants' conduct, Plaintiffs STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ were subjected to false arrest; denial of their right to a fair trial; their liberty was restricted for an extended period of time; they were put in fear for their safety; and they were subjected to handcuffing; physical restraints; and ultimately an extended period of imprisonment.

75.     As a result, Plaintiffs STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

76.     All of the foregoing acts of the defendants deprived Plaintiffs STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ of federally protected rights, including, but not limited to, the right:

A.      To be free from deprivation of civil rights and liberty;

B.      To be free from false arrest/unlawful imprisonment;

C.       To be free from denial of the right to a fair trial; and

D.      To be free from the failure to intervene.

77.     As a result, Plaintiffs STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as the Court deems just and proper.

**Dated:** New York, New York
May 19, 2016

Respectfully submitted,

**THE TRAINOR LAW FIRM, P.C.**
26 Broadway, Suite 2100
New York, New York 10004
Tel:  (212) 323-7410
Fax: (212) 323-7411

By:     *Craig Trainor*
CRAIG TRAINOR (CT 1823)

Attorney for Plaintiffs STELLA WILLIAMS, JESSICA WILLIAMS, and DESTINY GONZALEZ

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STELLA WILLIAMS, JESSICA WILLIAMS, and
DESTINY GONZALEZ,

                          Plaintiffs,

              -against-

CITY OF NEW YORK, ALESANDRO
FLORENTINO, Individually, AMAN RANA,
Individually, JANE DOE 1 through 2,
Individually, and JOHN DOE 1 through 3,
Individually, (the names John and Jane Doe being
fictitious, as the true names are presently
unknown),

                          Defendants.

16-CV-3748

# COMPLAINT

**THE TRAINOR LAW FIRM, P.C.**
Attorney for Plaintiff
26 Broadway, Suite 2100
New York, New York 10004